**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

MARK EDWARD LEE,

        Petitioner

v.                                                  Case No. 05-74175

JOHN PRELESNIK,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Mark Lee has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his state convictions for a drug offense and two weapon offenses. Respondent John Prelesnik argues in an answer to the petition, which was filed through counsel, that Petitioner's claims are unexhausted, untimely and without merit. The court agrees that Petitioner's claims are untimely. The court will therefore dismiss the petition.

**I. BACKGROUND**

Petitioner was charged in Calhoun County, Michigan with (1) possession with intent to deliver less than fifty grams of cocaine, (2) possession of a firearm during the commission or attempt to commit a felony (felony firearm), and (3) felon in possession of a firearm. On January 21, 2000, a circuit court jury in Calhoun County found Petitioner guilty of simple possession of less than twenty-five grams of cocaine, Mich. Comp. Laws § 333.7403(2)(a)(v), felony firearm, Mich. Comp. Laws § 750.227b, and felon in possession of a firearm, Mich. Comp. Laws § 750.224f. The trial court

sentenced Petitioner to imprisonment for two years for the felony firearm conviction, followed by concurrent terms of thirty-six to ninety-six months for the cocaine conviction and twenty-three to sixty months for the felon-in-possession conviction.

Petitioner challenged his sentence for the cocaine conviction in an appeal of right. The Michigan Court of Appeals vacated the sentence and remanded the case to the trial court for re-sentencing because the trial court did not provide adequate reasons for departing upward from the sentencing guidelines. *See People v. Lee*, No. 226144 (Mich. Ct. App. Feb. 26, 2002) (unpublished *per curiam* opinion).[1]

On April 15, 2002, the trial court re-sentenced Petitioner. By then, Petitioner had served his mandatory term of two years for the felony firearm conviction. The trial court re-sentenced Petitioner to imprisonment for twenty-three to ninety-six months for the cocaine conviction and to a concurrent term of twenty-three to sixty months for the felon-in-possession conviction with fifty-six days credit for time served.

Petitioner appealed his new sentence as of right. The Michigan Court of Appeals affirmed the sentence, but remanded the case so that the trial court could correct the judgment of sentence to reflect eight-nine days of credit for time served. *See People v. Lee*, No. 241174 (Mich. Ct. App. Jan. 20, 2004). In an application for leave to appeal in the Michigan Supreme Court, Petitioner challenged his sentence for the cocaine conviction. He also raised two new issues, which alleged that (1) the trial court erred by granting the prosecution's request for a jury instruction on a lesser-included offense and (2) his conviction for a lesser-included offense violated the constitutional prohibition

---

[1]Judge Peter D. O'Connell filed a dissenting opinion.

against being placed in double jeopardy. The Michigan Supreme Court denied leave to appeal. *See People v. Lee*, 682 N.W.2d 92 (2004) (table).

Petitioner signed and dated his petition for habeas corpus on October 28, 2005.[2] The first habeas claim alleges that the trial court erroneously instructed the jury on a lesser included offense. The second and third claims allege a violation of the right not to be placed in double jeopardy. The fourth and final claim alleges that the trial court lacked subject matter jurisdiction.

## II. DISCUSSION

### A. Exhaustion of State Remedies

Respondent argues in his answer that Petitioner did not exhaust state remedies for his claims by raising them in both the Michigan Court of Appeals and the Michigan Supreme Court. *See* 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (explaining that state prisoners are required to exhaust available state remedies before seeking a federal writ of habeas corpus).

Petitioner concedes in his habeas petition that he did not exhaust state remedies for his third and fourth claims. However, in his reply to Respondent's answer, he alleges that state court remedies were exhausted. The court need not decide whether Petitioner exhausted state remedies for his claims or whether he has an available remedy to exhaust, because Petitioner's claims are time-barred, and the exhaustion requirement is not a jurisdictional one. *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), *cert. denied sub nom Houk v. White,* __ U.S. __, 127 S. Ct. 578 (2006), *and cert.*

---

[2]The Clerk of Court filed the petition on November 1, 2005.

*denied sub nom White v. Houk*, __ U.S. __, 127 S. Ct. 581 (2006). The court turns to the issue of timeliness.

### B. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year period of limitation for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Subsections B through D of the statute are not applicable here because Petitioner is not asserting a new constitutional right or newly discovered facts, and he has not shown that a state-created impediment prevented him from filing a timely habeas petition. Consequently, the statute of limitations began to run when Petitioner's

4

convictions became final.  A conviction ordinarily becomes final under § 2244(d)(1)(A), and the statute of limitations begins to run, when

> the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired.  A criminal defendant has only ninety days following the entry of judgment by the "state court of last resort" in which to file a petition for a writ of certiorari.  Sup. Ct. R. 13.

*Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (internal footnote omitted).

Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court, and the deadline for doing so expired on September 28, 2004, or ninety days after the Michigan Supreme Court's decision.  The statute of limitations began to run on the following day, Fed. R. Civ. P. 6(a); *Bronaugh*, 235 F.3d at 284-85, and it expired one year later on September 28, 2005.  Petitioner signed and filed his petition about a month later.  Therefore, the petition is time-barred, absent tolling.

### 1.  Equitable Tolling

Equitable tolling applies to the one-year limitation period for habeas petitions. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001).  A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408,  418 (2005).  In this Circuit, courts must consider and balance the factors set out in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988), "unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009.  The factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. [*Dunlap*, 250 F.3d] at 1008. These factors are not necessarily comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id.*

*Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Absence of prejudice is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner has not alleged that he lacked notice or constructive knowledge of the filing requirement. Nor has he shown that he was diligent in pursuing his rights.

### 2. Actual Innocence

Petitioner does claim actual innocence. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d at 577, 601 (6th Cir. 2005). However, the actual-innocence exception for time-barred claims is limited to the rare and extraordinary case where a habeas petitioner presents new evidence which undermines the reviewing court's confidence in the outcome of the trial. *Id.* at 600. The petitioner must demonstrate that, more likely than not, any reasonable juror would have reasonable doubt in light of the new evidence. *House v. Bell*, __ U.S. __, __, 126 S. Ct. 2064, 2077 (2006).

Petitioner has not supported his claim of actual innocence with any facts or new evidence demonstrating that he is "actually innocent" of the offenses for which he was

6

convicted. Thus, he has not asserted a valid claim of innocence sufficient to overcome his failure to comply with the statute of limitations and to entitle him to argue the merits of his claims.

### C. Denial of a Certificate of Appealability

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the court has, of course, studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court is dismissing this case on procedural grounds without reaching the

7

petitioner's underlying claims. Under these circumstances, a COA may issue only if Petitioner can show, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

A plain procedural bar exists, and the court correctly invoked it to dispose of Petitioner's claims. Furthermore, for the following reasons, the court finds that Petitioner has failed to state a valid claim of the denial of a constitutional right.

The first habeas claim challenges the trial court's decision to instruct the jury on a lesser-included offense. This claims lacks merit because Petitioner did not object to the prosecutor's request for the instruction or to the jury instructions as read to the jury. (Tr. at 563 and 624.)

The second and third claims allege a violation of the Double Jeopardy Clause. Petitioner alleges that the trial court changed the jury's verdict and punished him twice for the same offense. Although Petitioner's argument is unclear, the record indicates that the jury acquitted Petitioner of the charged offense and found him guilty of a lesser-included offense. To the extent that Petitioner is claiming that the trial court punished him for the greater offense, the claim lacks merit because the trial court re-sentenced Petitioner at the top of the sentencing guidelines due to Petitioner's criminal history, not the acquitted count. (*See* Tr. Apr. 15, 2002, at 19-21.) The trial court was entitled to double the sentence because of Petitioner's prior drug conviction. *See id.* at 13-14; *see also* Mich. Comp. Laws § 333.7413(2).

The fourth and final claim alleges that the trial court lacked subject matter

8

jurisdiction. This claim lacks merit because the "[d]etermination of whether a state court [wa]s vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976).

Reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right or whether the court's procedural ruling is correct. Accordingly, the court will decline to issue a COA.

### III. CONCLUSION

IT IS ORDERED that the Petition for a Writ of Habeas Corpus [Dkt #1] is DISMISSED as untimely.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.


                                              S/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: November 29, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 29, 2007, by electronic and/or ordinary mail.

                                              S/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522