UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK EDWARD LEE,

    Petitioner,

v.                                      Case No. 05-74175

JOHN PRELESNIK,

    Respondent.
                                     /

**OPINION AND ORDER DENYING PETITIONER'S "MOTION FOR RULE 60(b)(3)"**

Pending before the court is a "Motion for Rule 60(b)(3)," filed by Petitioner Mark Edward Lee on May 22, 2009. Petitioner originally filed a petition for a writ of habeas corpus with this court on October 28, 2005, challenging a state court conviction on drugs and weapons charges. Before he filed his habeas petition, Petitioner was also convicted in a federal court on March 11, 2005. This court dismissed his petition as untimely on November 29, 2007, and declined to issue a certificate of appealability. Petitioner appealed to the Sixth Circuit, which also denied a certificate of appealability on June 30, 2008. Petitioner then applied to the Supreme Court for a writ of certiorari, which was denied November 7, 2008.

In the instant motion, Petitioner requests relief, pursuant to Federal Rule of Civil Procedure 60(b)(3), from this court's order denying a certificate of appealability so that he may proceed with his habeas appeal. In support of his motion, Petitioner asserts that he demonstrated in his initial habeas petition that his imprisonment is unconstitutional, that he satisfies the requirement for "actual innocence" under the

statute, and that he has established the elements required for equitable tolling because "he has been pursuing his rights diligently throughout the state court appellate process and the filed writ of habeas corpus §2254 petition. And he had claimed and proved an impediment to filing his petition in the notice of appeal." (Petr.'s Mot. at 2).

In his motion, Petitioner refers to proceedings in the United States District Court for the Western District of Michigan regarding his March 2005 federal conviction. Petitioner appears to allege that Respondent submitted to the federal court, as evidence of Petitioner's prior convictions, state trial court charging documents relating to crimes other than those that served as the basis for the initial arrest in his state court case. Petitioner alleges that "the state court trial officials . . . knew the newly subsequent charged offenses were fabricated. And they had proceeded to trial on the fabrication [even though they] knew that someone else sold the drugs to the [undercover] informant from within the police control buy." (Petr's Mot. at 2-3) (citations omitted).

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (3) fraud . . . misrepresentations, or misconduct by an opposing party." Fed. R. Civ. P. 60(b). The Sixth Circuit has stated that "[f]raud is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Info-Hold, Inc. v. Sound Merch.*, Inc., 538 F.3d 448, 456 (6th Cir. 2008). In addition, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Id.* at 454.

First, Petitioner does not allege any fraud, misrepresentation, or misconduct by the opposing party in connection with the court's order denying his habeas petition or the court's order declining to issue a certificate of appealability.  Petitioner merely asserts that the court reached the incorrect decision and that he established the requisite elements to show that the court should not have denied his petition.  However, Petitioner alleges no fraud, misrepresentation, or misconduct by the opposing party in connection with this argument, as required by Rule 60(b).  Nor does Petitioner offer any support for the existence of the fraud, misrepresentation, or misconduct by the opposing party, or any legal authority by which the court should grant the requested relief.

Second, the only support Petitioner provides for evidence of fraud appear to be statements made during a detention hearing in the Western District of Michigan, following Petitioner's arrest on federal charges, regarding the Petitioner's past state convictions.  Petitioner alleges that "fraudulent state court documentations were submitted" regarding his prior state court convictions because they stated he was charged with an offense different from that for which he was initially arrested.  (Petr.'s Mot. at 2.)  However, Petitioner has provided no evidence that the court record shows this, nor any evidence of fraud, misrepresentation, or misconduct by the opposing party during the proceedings.  More importantly, the fraud Petitioner identifies is unrelated to his habeas petition for relief from his state court conviction, and is therefore not a matter for consideration by the court at this time.[1]  Because Petitioner has not met his burden

---

[1] The Sixth Circuit has authorized district courts to construe Rule 60(b) motions as habeas petitions under 28 U.S.C. § 2255 in certain circumstances, including when

3

of establishing "clear and convincing" evidence of fraud or misrepresentation by the Defendant that would justify granting his Rule 60(b)(3) motion, the court will deny his motion.  *Info-Hold*, 538 F.3d at 454.

While the express language of the motion refers to Rule 60(b)(3), even if the court were to address Petitioner's motion as a motion for reconsideration, the court would deny the motion.  A court will grant a motion for reconsideration only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(1).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  Furthermore, "[t]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall*

---

the Rule 60(b) motion states a new claim for relief.  *Hourani v. United States*, 239 F. App'x 195, 197 (6th Cir. 2007).  However, the Sixth Circuit has also instructed district courts to refrain from construing prisoner motions as § 2255 petitions without first notifying the prisoner, *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002), because "[a]n unintended byproduct of [liberally construing pro se filings as § 2255 petitions] . . . is that it may effectively deprive an uninformed pro se litigant of the future opportunity to file a motion to vacate his sentence under § 2255."  *Id.* at 621.  After a prisoner files one motion under § 2255, the Antiterrorism and Effective Death Penalty Act prevents a prisoner from filing a second or successive § 2255 motion unless the motion involves "newly discovered evidence" or a "new rule of constitutional law . . . that was previously unavailable."  *See* 28 U.S.C. § 2255.  In addition, a court may refrain from construing a prisoner's motion as a § 2255 petition if it would plainly lack merit.  *See Wesley v. United States*, 1995 WL 603329, *1 (6th Cir. Oct. 12, 1995); *see also Cook v. United States*, 1998 WL 69784, *2 (6th Cir. Feb. 10, 1998).  Therefore, the court will not construe Defendant's motion as a § 2255 petition.

*& Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich. 1997). Finally, such motions must be filed "within 10 days after entry of the judgment or order." E.D. Mich. LR 7.1(g)(1).

Petitioner, however, has not "demonstrate[d] a palpable defect by which the court and the parties have been misled," the correction of which would "result in a different disposition of the case." E.D. Mich. LR 7.1(g)(1). Petitioner merely asserts that the court reached the incorrect decision when it denied his habeas petition. Moreover, what "fraud" Petitioner points to in his federal proceedings, does not relate to or affect his habeas petition challenging his incarceration by the State of Michigan. Petitioner's arguments for reconsideration consist, at most, of disagreement with the court's decision denying the certificate of appealability. Therefore, even if the court construed Petitioner's motion as a motion for reconsideration, the court would deny the motion because it has not "demonstrate[d] a palpable defect by which the court and the parties have been misled," the correction of which would "result in a different disposition of the case." E.D. Mich. LR 7.1(g)(1).

For the reasons stated above, IT IS ORDERED that Petitioner's "Motion for Rule 60(b)(3)" [Dkt. #42] is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 17, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 17, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522